**FEDERAL DEFENDER OFFICE**
DISTRICT OF MASSACHUSETTS
408 ATLANTIC AVENUE, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110

WILLIAM W. FICK
TELEPHONE: 617-223-8061
FAX: 617-223-8080
william_fick@fd.org

October 1, 2007

**By E-Mail PDF and by Hand Delivery**
Mark Grady, Esq.
Rayford Farquhar, Esq.
Mark Quinlivan, Esq.
United States Attorney's Office
One Courthouse Way
Boston, MA 02210

    RE:    *United States v. Shields,* MBD No. 06-10427-PBS
                *United States v. Wetmore,* MBD No. 06-10439-PBS
                *United States v. Peavy,* MBD No. 06-10449-PBS
                *United States v. Volungus,* MBD No. 07-10028-GAO
                *United States v. Wilkinson*, MBD No. 07-10035-MLW
                *United States v. Swarm*, MBD No. 07-10039-MLW
                *United States v. Carta*, MBD No. 07-10057-JLT
                *United States v. Graham*, MBD No. 07-10064-JLT
                *United States v. McRae*, MBD No. 07-10066-JLT

Dear Counsel:

        On behalf of myself and my colleagues, counsel for respondents in the above-listed matters, I am writing to request certain discovery in order to permit the parties to move forward with individual hearings. While some of this information has been requested and provided previously, we would nevertheless appreciate written confirmation of the completeness of the government's responses as to such items. We will address our more broadly-applicable requests made by letter dated April 3, 2007, and the government's responses to that letter, in separate correspondence.

        With respect to each individual respondent, we request the following:

1.    Identify any and all expert witnesses, other than the Court-appointed independent examiner, whom the government may call to testify at the commitment hearing. For each such witness, please provide a CV (including list of publications); a list of all other deposition, administrative, or court testimony given in the last 5 years; a summary of the witness' expected testimony and the bases thereof; and a list of the materials relied upon.

2.    Identify all non-expert witnesses whom the government may call to testify at the commitment

FEDERAL DEFENDER OFFICE
October 1, 2007
Page 2 of 3

        hearing.

3. Provide a copy of all exhibits the government may offer at the commitment hearing.

4. Identify, and provide copies of, all materials that the government believes should be provided to the court-appointed independent examiner.

5. Identify all instances in which respondent engaged or attempted to engage in "sexually violent conduct" or "child molestation" upon which the government may rely in support of its contention that respondent is a "sexually dangerous person." *See* 18 U.S.C. § 4247(a)(5). For each instance, specify the date, time, place, nature of conduct, victim, whether a criminal charge or conviction resulted, and provide any and all documents concerning same.

6. Identify the particular "mental illness, abnormality, or disorder" which the government contends will result in respondent having "serious difficulty in refraining from sexually violent conduct or child molestation." *See* 18 U.S.C. § 4247(a)(6).

7. Provide any and all release forms signed by the respondent, including without limitation any release for the evaluation interview.

8. Provide any and all notes from clinical interviews of respondent.

9. Provide the STATIC 99 and RRASOR score sheets.

10. Provide results of any and all psychological tests (*e.g.*, WAIS, MMPI, etc.).

11. Identify all persons involved in the evaluation of respondent for possible certification.

12. Provide the Psychological Evaluation Report created in connection with respondent's certification.

13. Provide copies of any and all documents reviewed or relied upon by the persons who evaluated respondent.

14. Provide copies of all of respondent's Bureau of Prisons records, including psychological, psychiatric, medical, and disciplinary records.

15. Provide copies of the judgement(s) and Presentence Report(s) from respondent's prior federal conviction(s).

16. Provide copies of the violation reports and other underlying documentation from any supervised release or parole revocation.

FEDERAL DEFENDER OFFICE
October 1, 2007
Page 3 of 3

17. Provide respondent's CORI and any out-of-state criminal record.

18. Provide all documents, including notes, concerning respondent's "Case Summary" (as that term is used in the "Certification Review Panel Guidelines").

19. Provide all documents, including notes, concerning respondent's "Initial Review" (as that term is used in the "Certification Review Panel Guidelines").

20. Provide all documents, including notes, concerning respondent's "Full CRP Review" (as that term is used in the "Certification Review Panel Guidelines").

Please call me if you have any questions about these issues or wish to discuss them. Thank you for your attention to this matter.

    Sincerely,

    /s/  William W. Fick

    o/b/o

    Page Kelley, Esq.
    Stellio Sinnis, Esq.
    Timothy Watkins, Esq.