UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | DOCKET NO.: 06-10427-PBS |
| | ) | |
| JEFFREY SHIELDS | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | DOCKET NO.: 06-10449-PBS |
| | ) | |
| CHARLES PEAVEY | ) | |

**OPPOSITION TO GOVERNMENT'S MOTION FOR ORDER
TO CONDUCT ADDITIONAL PSYCHOLOGICAL EXAMINATION**

Defendants respectfully submit the following opposition to the government's motion to order a psychological examination by a Bureau of Prisons ("BOP") employee, Shawn Channell, Ph.D.  The government's reliance on 18 U.S.C. §§ 4247(b) and 4248(b) ("the Act") as grounds for its request is misplaced and the motion should be denied.

First, the Act does not authorize appointment of an expert by the Court at the instigation of the government.

Second, even if the order the government seeks were authorized under the Act (it is not), Channell is not appropriate for court appointment as an independent or neutral examiner in these matters.  As a BOP employee, Channell lacks the institutional independence necessary to ensure impartial conclusions, due process, and public confidence in the proceedings. Moreover, Channel lacks substantive qualifications to assist the Court with a sexual dangerousness determination, particularly in comparison to the independent experts whom the Court has already appointed .

Finally, even if this Court were to grant the government's motion (it should not), the

defendants cannot be required to submit to personal examination or interview by Channell, a representative of the very government entity that has already sought to commit them.

## Argument

**I. THE ACT DOES NOT AUTHORIZE APPOINTMENT OF CHANNELL AT THE GOVERNMENT'S REQUEST.**

"[S]tatutory interpretation always starts with the language of the statute itself." *Stowell v. Ives*, 976 F.2d 65, 69 (1st Cir. 1992) (internal citations and quotation marks omitted). Here, the language of the Act unambiguously demonstrates that it does not authorize the appointment of an expert requested by the government. The Act provides, in pertinent part:

> Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

18 U.S.C. § 4248(b); and

> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated <u>by the court, except</u> that if the examination is ordered under section 4245, 4246, or 4248 . . . <u>upon the request of the defendant</u> an additional examiner may be selected <u>by the defendant</u>.

18 U.S.C. § 4247(b) (emphases added).

The second sentence of section 4247(b), referring specifically to section 4248 and two other commitment statutes, makes clear that the government is not authorized to move for the appointment of its examiner. First, it makes the "request of the defendant" the triggering mechanism for the appointment of "an additional examiner," thereby limiting the circumstances under which one may be appointed. *Id.* Second, by specifying that the additional examiner is to

2

be "selected by the defendant," the sentence makes it clear that the government is denied any role in the selection. *Id.* The language of the Act therefore does not authorize the appointment of the examiner requested by the government.

In contrast, where Congress intended that the government be permitted to request a court-appointed expert, it said so expressly. *See* 18 U.S.C. § 4242(a) (assertion of insanity defense); *contrast* 18 U.S.C. §§ 4241(b) (competency), 4243(b) (post-NGI hospitalization), 4244(b) (post-conviction, pre-sentencing hospitalization), 4245(b) (prisoner hospitalization), 4246(b) (pre-release hospitalization). Thus, when the commitment statutes of Title 18 are read together, it is clear that Congress deliberately denied the government the opportunity to move for an additional examiner in a section 4248 proceeding. This Court should not undermine Congress' manifest intent by granting the government's motion. *See generally Zadvydas v. Davis*, 533 U.S. 678 (2001) (court may amend statute by adding provisions only when doing so would not contravene congressional intent).

The Supreme Judicial Court's analysis of the Massachusetts commitment scheme for sexually dangerous persons is also persuasive in this situation. In *Commonwealth v. Poissant*, 443 Mass. 558 (2005) the court held that Mass. Gen. Laws ch. 123A, § 13(b), providing for sexual dangerousness examination by two "qualified examiners," does not permit appointment of an additional expert requested by Commonwealth:

> The Commonwealth contends that it is disadvantaged because, while the defendant can have an expert to advocate his position, the qualified examiners are not agents of the district attorney's office and thus there is no advocate for the government. Whether the qualified examiners are agents of the district attorney is irrelevant to the issue before us. The Legislature has not contemplated a typical advocacy proceeding here. The sexually dangerous person proceeding presents a unique situation: the defendant is incarcerated beyond the length of his mandated

>sentence because of his sexual dangerousness . . . . For this atypical situation, the Legislature has seen fit to impose unusual requirements. The statute envisions that the defendant will be examined by two qualified examiners and gives the Commonwealth access to the expert testimony of those qualified examiners. That the qualified examiners conclude that the defendant is no longer sexually dangerous does not permit the Commonwealth to conduct further examination of the defendant over his objection.

*Id*. at 564.

## II. CHANNELL'S EMPLOYMENT BY BOP AND LIMITED RELEVANT EXPERIENCE RENDER HIM INAPPROPRIATE AS A COURT APPOINTED EXPERT IN THESE MATTERS.

In various contexts, courts have recognized a distinction between experts enlisted by the court to serve as objective providers of information and analysis, and experts appointed by the court at the request of one of the parties, whose task it is to advance the interests of that party. *See Smith v. McCormick*, 914 F.2d 1153, 1157-59 (9th Cir. 1990) (appointment of neutral psychiatrist who reported directly to court did not satisfy capital defendant's due process right to expert assistance in developing and presenting mitigation evidence); *United v. Fratus*, 530 F.2d 644, 649 (5th Cir. 1976) (under 18 U.S.C. § 4244 role of court appointed experts is to provide objective information and analysis to court, while under 18 U.S.C. § 3006A(e) it is to serve the defendant's interests); *Poissant*, 443 Mass. at 564 (qualified examiners under Massachusetts sex offender commitment statute are independent and not intended to be advocates for either party).

The Act provides for the possible appointment of an initial court-appointed expert as well as an additional expert selected by the defendant. *See* 18 U.S.C. §§ 4248(b) & 4247(b). Any examiner appointed by the court must provide a report to the court and to both parties. *See* 18 U.S.C. § 4247(c). Thus, Congress' evident intent was for the Court to appoint <u>independent</u>

experts <u>for the court</u> who must share their conclusions with all concerned.  *Compare Poissant*, 443 Mass. at 564.

Assuming *arguendo* that the government is entitled to move for an examiner at all (it is not), Channell is not an appropriate choice to serve as a neutral expert for this Court.

Channell is employed as a forensic psychologist by the Bureau of Prisons, the very institution that has already certified to the Court its determination that defendants are "sexually dangerous" and therefore subject to commitment under the Act.  Even if Channell sincerely intended to conduct a fresh and neutral review, there is unacceptable risk that an unconscious bias in favor of his employer might color his conclusions or, at least, could create an appearance of bias that would undermine public confidence in these proceedings.

In addition, Channell's specific qualifications to assist this Court with a determination of sexual dangerousness are markedly weak in comparison to the experts whom the Court already has appointed.  While Channell apparently has attended continuing education programs in sex offender commitment and has participated in risk assessments within BOP, he appears to lack any clinical experience in treating sex offenders, nor does he appear to have any research or publications in the field.

### III.  DEFENDANTS CANNOT BE REQUIRED TO SPEAK TO CHANNELL.

Even if the Court were to appoint Channell (it should not), defendants cannot be required to submit to an interview with him.  Defendants retain their privacy rights not to cooperate in medical/psychological evaluations.  *See Jaffee v. Redmond,* 518 U.S. 1, 15 (1996) (recognizing federal privilege for statements made to psychologist);  *In Re: Grand Jury Proceedings (Violette),* 183 F.3d 71 (1st Cir. 1999)*; Commonwealth v. Lamb*, 365 Mass. 265, 270 (1974)

(defendant must be warned that statements in psychological evaluation for civil commitment are not privileged).  In addition, defendants have a Fifth Amendment right not to make any statements that could incriminate them.  *See Lefkowitz v. Turley,* 414 U.S. 70, 77 (1973) (Fifth Amendment "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.").  Even, for example, statements about conduct underlying prior convictions could place defendants in jeopardy of penalty enhancements in future criminal proceedings.

        For the foregoing reasons, the government's motion should be DENIED.

|  |  |
|---|---|
|  | JEFFREY SHIELDS |
|  | CHARLES PEAVY |
|  | By their attorneys, |
|  |  |
|  | /s/ Page Kelley |
|  | Page Kelley |
|  |   B.B.O. #548237 |
|  | William Fick |
|  |   B.B.O. #650562 |
|  | Judith Mizner |
|  |   B.B.O. #350160 |
|  | Federal Defender Office |
|  | 408 Atlantic Avenue, 3rd Floor |
|  | Boston, MA  02110 |
|  | Tel: 617-223-8061 |
|  |  |
|  | /s/ John Swomley |
|  | John Swomley |
|  |   B.B.O. #551450 |
|  | Swomley & Associates |
|  | 227 Lewis Wharf |
|  | Boston, MA 02110 |
| October 24, 2007 | Tel: 617-227-9443 |

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 24, 2007.

                                                /s/ Page Kelley
                                                Page Kelley